IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
      v.                    )    Criminal No. 07-72
                            )
MILTON JOYNER               )

MEMORANDUM AND ORDER OF COURT

This case involves a drug distribution conspiracy in which Milton Joyner ("defendant") and eight co-defendants were charged in Count One of the indictment with conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine and 1 kilogram or more of heroin, in violation of 21 U.S.C. §846. Counts Two through Sixty-Three of the indictment charged individual defendants with multiple counts of using a communication facility in committing the crime of conspiracy, in violation of 21 U.S.C. §§843(b) and 843(d).

On November 3, 2008, defendant appeared before the court to change his plea from not guilty to guilty to Count One of the indictment pursuant to a written plea agreement. Prior to accepting defendant's guilty plea, the court engaged in an extensive plea colloquy with defendant as required by Federal Rule of Criminal Procedure 11(b). The court accepted defendant's guilty plea after being satisfied that he knowingly and voluntarily desired to enter a plea of guilty and concluding that there was a factual basis for the plea.

Shortly after his change of plea hearing, defendant submitted

a pro se letter motion seeking to withdraw his guilty plea (Document No. 388). In his motion, defendant states that "[t]hrough due diligence and research I have come to realize that the plea agreement that I entered into was not intelligently entered into by myself to serve in my best interest." Defendant further alleges that he was misled by Attorney Charles Porter, who was his retained counsel at the time of the change of plea hearing.

Attorney Porter subsequently filed a motion to withdraw as counsel for defendant. The court held a hearing on Attorney's Porter's motion on December 16, 2008, following which Attorney Porter was granted leave to withdraw as counsel for defendant. At the hearing, the court inquired whether defendant wished to have another lawyer appointed to represent him, and defendant responded that he did.

Subsequently, Attorney William Schmalzried was appointed to represent defendant. Despite the fact that defendant was represented by counsel, he continued to file numerous pro se motions, in which he requested to proceed pro se in this case and withdraw his guilty plea.[1]

On January 21, 2009, the court held a hearing to ascertain

---

1. One of defendant's pro se motions requested that the court rule that his plea agreement is null and void. See Document No. 438. The court construes that motion as essentially another attempt by defendant to withdraw his guilty plea. As stated herein, defendant's motion to withdraw his guilty plea will be denied. Accordingly, defendant's pro se motion requesting that the court rule that his plea agreement is null and void likewise will be denied.

AO 72
(Rev. 8/82)

whether defendant desired to waive his right to counsel and proceed pro se with respect to his motion to withdraw his guilty plea. The court thoroughly advised defendant of the nature of the charges against him, the possible maximum statutory penalties that he faces if the court would grant his motion to withdraw his guilty plea, the factors which must be established under Third Circuit law before the court may permit one to withdraw a guilty plea, and the other hazards generally associated with proceeding pro se when seeking to withdraw a guilty plea. The court then provided defendant the opportunity to confer with Attorney Schmalzried off the record to decide whether he wished to proceed pro se or have counsel represent him in connection with his motion to withdraw his guilty plea.

After conferring with counsel, defendant informed the court that he wished to have Attorney Schmalzried represent him on his motion to withdraw his guilty plea. Attorney Schmalzried presented argument why defendant should be permitted to withdraw his plea, and defendant further addressed the court in that regard. Government counsel also presented argument on the matter, and read into the record the pertinent portions of the court's plea colloquy with defendant from the November 3, 2008, change of plea hearing. For the reasons stated at the January 21, 2009, hearing, as well as those stated herein, the court finds that defendant has not satisfied the factors necessary to withdraw his guilty plea, and defendant's motion will be denied.

Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, a defendant may withdraw a guilty plea after the court accepts the plea, but before the court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). "A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). The burden of demonstrating a "fair and just" reason is on the defendant, and that burden is substantial. Id.

With respect to the first factor enumerated in Jones, "[b]ald assertions of innocence ... are insufficient to permit a defendant to withdraw [his] guilty plea." United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." Id. Once a defendant has pleaded guilty, he "must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in*, United States v. Roberson, 194 F.3d 408, 417 (3d Cir. 1999).

Defendant's bald assertion of innocence in this case is insufficient to allow him to withdraw his guilty plea. Instead of

asserting his innocence and pointing to facts that support his position, defendant simply has critiqued Attorney Porter's handling of his case by stating in his motion that counsel "never filed one meritorious motion in [his] affirmative defense asserting [his] innocence ...." However, defendant did not indicate in his motion or on the record at the hearing the alleged affirmative defenses which supposedly apply to him. In addition, defendant's bald assertion of innocence contradicts the Brown standard that it must be supported by facts in the record that support a claimed defense. Despite defendant's claim that he was not involved in the drug distribution conspiracy to which he pled guilty, he has not pointed to any facts to support his position.

Beyond all of that, defendant has not sufficiently explained the contradictory positions that he has taken by admitting his guilt at the change of plea hearing and now claiming that he is innocent. At the change of plea hearing, defendant listened to the government's recitation of the material facts underlying the drug conspiracy charge to which he pled guilty and acknowledged under oath the accuracy of those facts. To the extent that defendant now denies those facts, he has not explained why his position has changed.

As to the second factor the court must consider, which is the strength of the defendant's reasons for seeking to withdraw his guilty plea, defendant has failed to offer any persuasive reasons for allowing him to withdraw his plea. Defendant states in his pro se motion that he did not intelligently enter into the plea

AO 72
(Rev. 8/82)

agreement and that he was misled by Attorney Porter, suggesting that counsel did not effectively handle his case. Defendant also reiterated at the hearing that Attorney Porter did not fully explain to him the terms of the plea agreement. "A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." Jones, 336 F.3d at 253-54.

To the extent defendant alleges his guilty plea was involuntary due to ineffective assistance of counsel, he has not pointed to any specific act or omission or objective evidence to support such a claim. Simply put, defendant has not shown that Attorney Porter's advice was unreasonable, nor has he shown that he has been prejudiced in any way by Attorney Porter's handling of his case. It appears defendant's reason for seeking to withdraw his plea is based solely on his apparent dissatisfaction with Attorney Porter. However, defendant's position is undermined by his own statements at the change of plea hearing. When questioned by the court whether he was satisfied to have Attorney Porter represent him, defendant responded that he was satisfied with counsel. Further, defendant affirmed that he signed the plea agreement after consulting with counsel about the terms of the agreement.

The third factor courts look to when evaluating a motion to

withdraw a guilty plea is whether the government has demonstrated that it would be prejudiced by the withdrawal of a guilty plea. However, the government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea. United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995). Here, defendant has failed to meaningfully assert his innocence or provide a fair and just reason for withdrawing his plea, thus the government is not required to show prejudice. Nevertheless, the court notes that the government would be prejudiced to some degree if defendant is permitted to withdraw his plea. Trial in this case was set for November 3, 2008, and the government was prepared to proceed to trial at that time.

In conclusion, defendant has failed to sustain the substantial burden of showing a fair and just reason for withdrawing his plea as required by Federal Rule of Criminal Procedure 11(d)(2)(B). Accordingly, defendant's pro se motion to withdraw his guilty plea will be denied, as will his motion requesting that the court rule that his plea agreement is null and void.

An appropriate order will follow.

O R D E R

AND NOW, this 26th day of January, 2009, for the reasons set forth in the memorandum above, as well as those reasons stated on the record at the hearing held on January 21, 2009, IT IS ORDERED that defendant's pro se motion to withdraw his guilty plea (Document No. 388) be, and the same hereby, is denied; and

IF FURTHER IS ORDERED that defendant's pro se motion requesting that the court rule that his plea agreement is null and void (Document No. 438) be, and the same hereby is, denied.

Gustave Diamond
United States District Judge

cc: Constance M. Bowden
    Assistant U.S. Attorney

    William O. Schmalzried, Esq.
    619 One Bigelow Square
    Pittsburgh, PA 15219